UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61473-CIV-ZLOCH

MID-CONTINENT CASUALTY COMPANY,

      Plaintiff,                          **O R D E R**

vs.

GUITREE BASDEO, SOUTHGATE
GARDENS CONDOMINIUM ASSOCIATION,
INC., and FIRST STATE
DEVELOPMENT CORPORATION,

      Defendants,

and

SOUTHGATE GARDENS CONDOMINIUM
ASSOCIATION, INC.,

      Counter-Claimant,

vs.

MID-CONTINENT CASUALTY COMPANY,

      Counter-Defendant.
_____/

      THIS MATTER is before the Court upon Defendant/Counter-Claimant Southgate Gardens Condominium Association, Inc.'s Good Cause Memorandum On Discovery Issues (DE 63), which the Court construes as a Motion For Reconsideration, and Plaintiff/Counter-Defendant Mid-Continent Casualty Company's Motion For Attorney's Fees (DE 64). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

      By prior Order (DE 62), the Court denied Defendant/Counter-Claimant Southgate Gardens Condominium Association's Motion To Compel (DE 55) for failure to confer. The Court noted Southgate's duty to confer, as required by Local Rule 7.1.A.3, and ordered it to

show cause why Plaintiff/Counter-Defendant Mid-Continent Casualty Company's attorney's fees should not be awarded.  The instant Motion serves two purposes: first, to show cause why attorney's fees should not be awarded; and second, to state that the Parties have now fully conferred and the issues raised in the Motion To Compel (DE 55) are ripe for the Court's consideration.  Thus, the Court will vacate its prior Order (DE 62) denying the Motion (DE 55) only to the extent that it makes the Motion To Compel now pending for consideration.  Southgate's failure to confer remains unchanged.

The Court has a duty to make sure that an award of attorney's fees is reasonable.  See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests).  The determination of exactly what fees to assess is vested in the sound discretion of the Court.  Further,

> it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees. Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts.  Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute.

10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998).

To calculate a reasonable fee, the Court must utilize the "lodestar" method.  See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  In computing the lodestar, the first step is to determine the reasonable hourly rate.

A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Here the Court finds that the lodestars sought are reasonable.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred in making the motion. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. Id. If the applicant fails to exercise the requisite billing judgment, the Court is

3

obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

As reflected in the billing entries (DE 64, Ex. B), the instant Motion (DE 64) seeks compensation for over 40 hours expended on this matter as a result of the Motion To Compel. The Court finds that, while Counsel for Mid-Continent should be commended for their desire to be fully prepared in responding to said Motion, a full workweek was unreasonable. The Court will reduce the number of hours to 8 for Ms. Gillinov and 1 for Mr. Kammer.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff/Counter-Defendant's Mid-Continent Casualty Company's Motion For Attorney's Fees (DE 64) be and the same is hereby **GRANTED**;

2. Plaintiff/Counter-Defendant Mid-Continent Casualty Company does have and recover from Defendant/Counter-Claimant Southgate Gardens Condominium Association, Inc.'s Counsel John D. Mallah of the firm Katzman Garfinkel Rosenbaum the sum of $1,650.00 in attorney's fees, for all of which let execution issue;

3. Defendant/Counter-Claimant Southgate Gardens Condominium Association, Inc.'s Good Cause Memorandum On Discovery Issues (DE 63), which the Court construes as a Motion For Reconsideration, be and the same is hereby **GRANTED**;

4. The Court's prior Order (DE 62) denying Defendant/Counter-

Claimant Southgate Gardens Condominium Association, Inc.'s Motion To Compel (DE 55) be and the same is hereby **VACATED**, set aside, and of no further force or effect; and

    5. Pursuant to the provisions of 28 U.S.C. § 636 and Rule 1 of the Magistrate Rules for the United States District Court, Southern District of Florida, Defendant/Counter-Claimant Southgate Gardens Condominium Association, Inc.'s Motion To Compel (DE 55) be and the same is hereby **REFERRED** to United States Magistrate Judge Robin S. Rosenbaum for disposition.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____4th____ day of August, 2009.

                                              _____
                                              WILLIAM J. ZLOCH
                                              United States District Judge

Copies furnished:

All Counsel of Record