```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-61473-CIV-ZLOCH
```

MID-CONTINENT CASUALTY COMPANY,

       Plaintiff,                    **O R D E R**

vs.

GUITREE BASDEO, SOUTHGATE
GARDENS CONDOMINIUM ASSOCIATION,
INC., and FIRST STATE
DEVELOPMENT CORPORATION,

       Defendants,

and

SOUTHGATE GARDENS CONDOMINIUM
ASSOCIATION, INC.,

       Counter-claimant,

vs.

MID-CONTINENT CASUALTY COMPANY,

       Counter-Defendant.
_____/

      THIS MATTER is before the Court upon Defendant Guitree Basdeo's Motion To Dismiss Plaintiff's Complaint For Failure To Join An Indispensable Party (DE 60). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      Defendant First State Development Corporation, Inc. is a construction company that was hired to perform repair work for Defendants Southgate Gardens Condominium Association, Inc. and Guitree Basdeo following Hurricane Wilma. First State apparently failed to perform the work fully under the contract and thereby

caused additional damage to Southgate and Basdeo. Southgate and Basdeo then each sued First State in Florida state court and each obtained a judgment against it.

Plaintiff Mid-Continent Casualty Company previously issued a policy of insurance to First State indemnifying First State for all of its acts or omissions for which First State may be liable. The policy required First State to notify Mid-Continent of any act or omission it commits that would be covered by the policy and to cooperate with Mid-Continent in defending any action. Mid-Continent filed this action seeking declaratory relief that it is not liable to Southgate and Basdeo for the judgments they obtained because First State did not cooperate with it in handling the insurance claims. At issue now is Basdeo's Motion To Dismiss (DE 60), which argues that the case should be dismissed for Mid-Continent's failure to join indispensable several parties.

Defendant Basdeo, owner of a unit at Southgate Gardens Condominiums, moves to dismiss this case for Mid-Continent's failure to join the other owners of the remaining 107 units at Southgate. Basdeo contends these owners are necessary parties under Federal Rule of Civil Procedure 19; she argues that the other unit owners are indispensable because they share the same interest and risk prejudice if an adverse judgment is reached in their absence. This shared interest is the practical ability to collect from Mid-Continent on any money judgment obtained against First State for the allegedly negligent repairs. Mid-Continent responds with two arguments: the instant Motion is untimely, and the owners

of the other condominum units are not indispensable for purposes of Rule 19. With respect to the latter, Mid-Continent contends that the other unit owners cannot be necessary parties because they have not been certified as a class in a separate case pending in Florida state court, and, even if they had been, the other unit owners do not have a legally protected interest. For the reasons set forth more fully below, the Court finds that the instant Motion should be denied.

## I. Timeliness

Mid-Continent contends that the instant Motion is untimely. Basdeo filed this Motion "pursuant to Rule 12(b)(7), 12(h)(2), and Rule 19 of the Federal Rules of Civil Procedure." DE 60, p. 1. The portion of Rule 19 argued throughout is Rule 19(a).

To the extent the instant Motion is filed under Rule 12(b)(7), it is untimely because, although that Rule deals specifically with failure to join a party under Rule 19, such a motion must be made before filing the initial responsive pleading. Fed. R. Civ. P. 12(b). Basdeo has already filed an Answer. DE 10. Further, to the extent the instant Motion is filed under Rule 12(h)(2), it is likewise untimely. That Rule permits a party, under Rule 12(c) after the close of pleadings, to file a motion to dismiss for failure "to join a person required by Rule 19(b)." Fed. R. Civ. P. 12(h)(2). The instant Motion deals only with Rule 19(a). Thus, it is in all respects untimely.

3

II. The Merits

Basdeo argues that the other Southgate Gardens unit owners must be joined as party-Defendants because 1) in their absence, the Court cannot accord complete relief among the existing Parties, and 2) that they claim an interest in the subject of this action and are so situated that it will either be impeded without their participation or an existing Party may be subject to inconsistent obligations. Fed. R. Civ. P. 19(a)(1). In its Response (DE 61), Mid-Continent contends that this Motion is meritless because no evidence has been shown that the unit-owners are part of a certified class having an identical interest, any interest is merely economic, and no prejudicial effect would follow from their absence.

Rule 19(a) provides that a person over whom the Court has personal jurisdiction and whose presence will not deprive the Court of subject matter jurisdiction must be joined if he claims an interest in the subject of the action and is "so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring . . . inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).[1] When assessing whether a case should be dismissed for failure to join an

---

[1] The provision found in Rule 19(a)(1)(A) is not applicable in this case. The Court can accord complete relief among existing parties without the other unit owners present.

4

indispensable party, the Court uses a two-step test. United States v. Rigel Ships Agencies, Inc., 432 F.3d 1282, 1291 (11th Cir. 2005). First, it must decide, under the standard articulated in Rule 19(a), whether the party at issue is one who should be joined if feasible. Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1279-80 (11th Cir. 2003) (quoting Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982)). If that question is resolved in the negative, then, and only then, the Court will consider the factors enumerated in Rule 19(b) to determine whether "in equity and good conscience" the action should proceed among the existing parties or should be dismissed. Id.; see also Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 847 (11th Cir. 1999); 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1608 (3d ed. 2001). In making this determination, pragmatic concerns, especially the effect on the parties and the litigation, control. Focus on the Family, 344 F.3d at 1279-80 (quotation omitted).

The first part of the test might be more clearly understood as involving two questions: whether the non-party should be joined and whether joinder is feasible. Where both a nonparty should be joined and joinder is feasible, the nonparty is "required" or "necessary" but not necessarily "indispensable." If so, then pursuant to Rule 19(a)(2), the Court must order that the person be made a party, rather than dismiss. Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party. Focus on the Family, 344 F.3d at 1280;

5

Laker Airways, 182 F.2d at 848.

A.

The Court first considers whether the non-party unit owners are necessary or required parties, which turns on the question of whether they have an interest relating to the subject of the action. Fed. R. Civ. P. 19(a)(1)(B). Basdeo argues that the interest of the non-party unit owners is identical to hers. Specifically, Basdeo claims, and the other unit owners could claim, indemnification for alleged negligent repairs by First State. The Parties seem to agree that this matter is currently being litigated in Florida state court, and that it includes unit owners not Parties to this action. Cf. DE 61, Ex. A (Basdeo's Motion For Class Action Certification in Seventeenth Judicial Circuit Case No. 0717052(25)).[2] Mid-Continent contends in response that the interest of the non-party unit owners supposedly being litigated in state court has not been solidified by class certification; and, even if it were to be, it does not constitute a legally protectable interest because it is merely economic.

Although the Eleventh Circuit has not defined the interest required by Rule 19(a)(2), it has defined it under Rule 24(a)(2), which deals with Intervention of Right. The language in the two Rules is almost identical, and their requirements have been interpreted in an identical fashion. See Cascade Natural Gas Corp. v. El Paso Natural Gas, 386 U.S. 129, 134 n.3 (1967) (citations

---

[2] Mid-Continent is not a Party to the state action.

6

omitted).[3]

Applying Rule 24(a)(2)'s definition of interest, a joinder under Rule 19(a)(2) is required only when the non-parties have a "direct, substantial and legally protectable" interest in the subject matter. Georgia v. United States Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir. 2002) (construing Rule 24); see also Richard D. Freer, 4-19 Moore's Federal Practice - Civil § 19.03(3)(b) (2009). This legally protected interest is defined as "something more than an economic interest." Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) (quotation omitted). It is "one which the substantive law recognizes as belonging to or being owned by the applicant." Id. In sum, a legally protectable interest is an interest that derives from a legal right, and the Eleventh Circuit has in no uncertain terms excluded from this definition "purely economic" interests. Id. (footnote omitted).

Here, the non-party unit owners' interest is not legally

---

[3] Rule 24 reads in relevant part as follows:

> On a timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

protectable because it derives from a purely speculative outcome in the state action still pending, not the insurance policy at issue here.  In the state action, the putative class seeks damages from, among others, First State.  In this action, Mid-Continent seeks a declaratory judgment that it will not be liable to them in the event they succeed.  The non-parties to this action are not parties to the insurance policy between Mid-Continent and First State, and have no legally protectable interest in it.  As in Mt. Hawley, the non-parties would not be entitled to intervene to secure a judgment against a financially viable company to compensate them.  See Mt. Hawley, 425 F.3d at 1311.  For the same reason, they are not required to be joined.  A purely economic interest in recovering funds might be sufficient to get past the threshold condition of Rule 19(a)(2), but not where, as here, the interest is still contingent upon obtaining a judgment against the insured.  See Am. Guarantee & Liab. Ins. Co. v. Estime-Thompson, P.A., Case No. 08-21626-CIV-Ungaro (S.D. Fla.), DE 56, p. 8 (Mandate of the Eleventh Circuit) (affirming district court's denial of third party beneficiaries to an insurance policy's motion to intervene as of right) (Court of Appeals Case No. 08-15941) (Jun. 10, 2009). Because the unit owners' interests are contingent upon prevailing against First State in the pending state action, they are purely speculative, exactly as in Mt. Hawley.  425 F.3d at 1311-12. Following the analysis interpreting "interest" in Mt. Hawley, the Court concludes that the non-party unit owners do not have a sufficient interest in this action to qualify them as either

necessary or indispensable parties. See id.[4]

Moreover, while Basdeo is correct in identifying her interest as identical to the non-party unit owners, she was incorrect in labeling herself an "indispensable" party.[5] Basdeo failed to consider the important distinction between permissive joinder, under Rule 20, and compulsory joinder, under Rule 19. Under Rule 20, a plaintiff is free to refuse or join proper parties: parties by whom or against whom claims arise from the same transaction or occurrence and will raise at least one common question of law or fact. Fed. R. Civ. P. 20(a)(1); Freer, Moore's, supra § 19.02(2)(b). Thus, Mid-Continent was free to join Basdeo as a proper party, and Southgate as well, but it was not required to join either of them in this declaratory action between Mid-Continent and its insured. Although the Court need not evaluate whether Basdeo is a necessary, indispensable, or merely proper party, if she is in the same position as the other unit owners, she is likely merely a proper party. See Mt. Hawley, 425 F.3d at 1311. Because the unit owners are merely proper parties, Basdeo has no right to insist that the Mid-Continent join them. Fed. R. Civ. P. 20(a)(1); Freer, Moore's, supra § 20.02(2)(a)(i).

---

[4] Mt. Hawley resolved the conflict among the district courts over whether an interest contingent upon the outcome of other pending litigation constituted a legally protectable interest. It does not. 425 F.3d at 1311 n.6.

[5] The Motion reads: "It is impossible to ignore the fact that the interests of the remaining unit owner's [sic] are identical to that of Defendant, Guitree Basdeo, who is a proper and indispensable party to this action." DE 60, p. 8.

9

The Court need not go further in its Rule 19 analysis to consider whether the non-parties would be impaired or impeded or whether Mid-Continent would be subject to multiple inconsistent obligations, because the remaining unit owners have not satisfied the Rule's preliminary condition of claiming a legally protectable interest.  Thus, the Court will not address the remaining arguments related to the risk of a prejudicial effect on the absent owners or of multiple redundant litigations.  But, as a closing note, the Court recognizes that the permissive joinder rule implicitly considers plaintiff autonomy in structuring litigation a more important goal than avoiding duplicative litigation. Fed. R. Civ. P. 20(a)(1); Freer, Moore's, supra § 19.02(2)(b).

### B.

Were the class of unit owners in the state court action between Basdeo and First State to be certified, this Court's finding would remain the same because class action status is irrelevant to whether the interest is purely speculative.  Class action certification occurs during the procedural stage and indicates nothing of the class's likelihood of prevailing in the suit. Fed. R. Civ. P. 23(c)(1).  The interest remains speculative until final judgment is granted.

### III.

Basdeo's instant Motion is untimely because it is late insofar as Rule 12(b)(7) is concerned and proceeds under the wrong provision of Rule 19 insofar as Rule 12(h) is concerned. Moreover, the non-party unit owners for which Basdeo seeks to force

a joinder are not indispensible to this matter.  Their interest in the insurance policy and the outcome of this action is economic and speculative, not legally protected.  Thus, the Court need not choose between their joinder and dismissal.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Guitree Basdeo's Motion To Dismiss Plaintiff's Complaint For Failure To Join An Indispensable Party (DE 60) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of August, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record