UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-61473-CIV-GRAHAM/TORRES

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation

     Plaintiff,

vs.

GUITREE BASDEO, SOUTHGATE
GARDENS CONDOMINIUM ASSOCIATIO, INC.,
and FIRST STATE DEVELOPMENT CORPORATION,

     Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the Report of the Magistrate Judge [D.E.251] regarding Defendant/Counter-Claimant Southgate Gardens Condominium Association, Inc.'s Motion for Summary Judgment on the Amended Complaint [D.E.107], Defendant Guitree Basdeo's Motion for Summary Judgment on the Amended Complaint and on the Counter-Claim [D.E.106], and Plaintiff Mid-Continent Casualty Company's ("Mid-Continent") Motions for Summary Judgment on Counts I and II of the Amended Complaint and on its Affirmative Defenses to the Counter-Claim [D.E.111].

**THE MATTER** was assigned to the Honorable United States Magistrate Judge Robin S. Rosenbaum upon an Order of Referral from District to Judge William J. Zolch [D.E. 243].

Upon review of the pleadings, and in a very through analysis, the Magistrate Judge issued the instant eighty-eight (88) page Report [D.E. 251] recommending that Mid-Continent's Motion for Summary Judgment on Counts I and II [D.E. 112] be **DENIED**; that Mid-Continent's Motion for Summary Judgment on its Affirmative Defenses [D.E. 111] be **DENIED** with respect to its Sixth, Seventh, Fifteenth, Seventeenth, and Twentieth Affirmative Defenses and be **DENIED AS MOOT** with regard to its Ninth Affirmative Defense; that Defendant Southgate's Motion for Summary Judgment [D.E. 107] be **GRANTED** as it relates to Counts I and II of Mid-Continent's Amended Complaint, **DENIED** as it to Count III and IV of Mid-Continent's Amended Complaint, and **DENIED AS MOOT** as it relates to Count V of Mid-Continent's Amended Complaint, and be **DENIED** as it relates to its Counter-Claim and its affirmative defenses set forth in paragraphs 44 and 47 of Southgate's Answer; and that Defendant Basdeo's Motion for Summary Judgment [D.E. 106] be **GRANTED** as it relates to Counts I and II of Mid-Continent's Amended Complaint, **DENIED** as it to Count III and IV of Mid-Continent's Amended Complaint, and **DENIED AS MOOT** as it relates to Count V of Mid-Continent's Amended Complaint.

Defendants Southgate and Basdeo filed joint objections to the Magistrate Judge's Report [D.E. 256]. Although Defendants do not object to the ultimate rulings on the Summary Judgment counts,

Defendants do object to certain findings of undisputed facts that Defendants assert are disputed by record evidence and  omissions of certain facts that Defendants assert should be considered undisputed. Defendants request that certain revisions be made to the Report [D.E. 256]. The Court notes that while there may exist record support for some of the facts that Defendants now assert in their objections, the Court will not make these proposed undisputed factual findings because the statements of material facts failed to cite to the applicable record support and therefore violated the Local Rules. The Court also notes that while there appears to be an inconsistent finding regarding Mid-Continent's failure to comply with the FCAS on page 55 of the Report, the Court concludes that this is a scrivener's error. The Court finds that the ultimate conclusion regarding Mid-Continent's failure to comply with the FCAS is correct. Finally, the Court does not find Defendants' objection and request to include the Report reference to <u>Bontempo v. State Farm Mutual Automobile Insurance Company</u>, 604 So.2d 28 (Fla 4th DCA 1992) to be meritorious. Rather, the Court finds <u>Jones v. Florida Ins. Guar. Ass'n Inc. ("FIGA")</u>, 908 So. 2d 435, 442-43 (Fla. 2005) to be instructive.

Plaintiff, Mid-Continent, also filed objections to the Magistrate Judge's Report [D.E. 257]. Specifically, Plaintiff asserts that the Magistrate Judge: 1)erred in finding that statutory estoppel precludes summary judgment for Mid-Continent; 2)

erred in denying summary judgment to Mid-Continent based upon First State's violation of the Policy's cooperation clause; 3) erred in finding that Southgate is a named insured or otherwise qualifies as an insured under the policy; and 4) erred in finding that three occurrences took place and a $3 million applicable limit of liability coverage.

The Court finds that Plaintiff's objections are without merit. Specifically, the Court agrees, for the reasons set forth in the Magistrate Judge's detailed Report, that: 1) Mid-Continent is statutorily estopped from invoking its coverage defense; 2)First State's failure to cooperate was not, as a matter of law, so prejudicial as to completely release Mid-Continent from its obligations under the Policy; 3) Southgate is a "Named Insured" under the Mid-Continent policy; and 4) three occurrences transpired each resulting from a separate force, distinguishable in time and space, and each subject to a $1 million cap for total liability limit of $3 million .

**THE COURT** has reviewed the entire file and the record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that United States Magistrate Judge Rosenbaum's Report [D.E. 251] is **RATIFIED, AFFIRMED and APPROVED** in its entirety.  It is further

4

**ORDERED AND ADJUDGED** that Mid-Continent's Motion for Summary Judgment on Counts I and II [D.E. 112] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Mid-Continent's Motion for Summary Judgment on its Affirmative Defenses [D.E. 111] is **DENIED** with respect to its Sixth, Seventh, Fifteenth, Seventeenth, and Twentieth Affirmative Defenses is **DENIED AS MOOT** with regard to its Ninth Affirmative Defense. It is further

**ORDERED AND ADJUDGED** that Defendant Southgate's Motion for Summary Judgment [D.E. 107] is **GRANTED** as it relates to Counts I and II of Mid-Continent's Amended Complaint, **DENIED** as it relates to Count III and IV of Mid-Continent's Amended Complaint, and **DENIED AS MOOT** as it relates to Count V of Mid-Continent's Amended Complaint, and is **DENIED** as it relates to its Counter-Claim and its affirmative defenses set forth in paragraphs 44 and 47 of Southgate's Answer. It is further

**ORDERED AND ADJUDGED** that Defendant Basdeo's Motion for Summary Judgment [D.E. 106] is **GRANTED** as it relates to Counts I and II of Mid-Continent's Amended Complaint, **DENIED** as it to Count III and IV of Mid-Continent's Amended Complaint, and **DENIED AS MOOT** as it relates to Count V of Mid-Continent's Amended Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this *27* day

of September, 2010.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE


cc:   U.S. Magistrate Judge Rosenbaum
      U.S. Magistrate Judge Torres
      All Counsel of Record

6