UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case No. 08-61473-CIV-GRAHAM/GOODMAN**

MID-CONTINENT CASUALTY COMPANY,
A Foreign Corporation

    Plaintiff,
v.

GUITREE BASDEO,
SOUTHGATE GARDENS CONDOMINIUM
ASSOCIATION INC., and
FIRST STATE DEVELOPMENT CORPORATION,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS ON DEFENDANT BASDEO'S MOTION FOR ENTITLEMENT OF ATTORNEY FEES

THIS MATTER is before the Court on Defendant Basdeo's Motion for Entitlement of Attorney Fees. (DE# 349.) I have before me the motion, Plaintiff's response, and Basdeo's reply. For the reasons below, I respectfully recommend that the District Court **DENY** Basdeo's motion on both procedural and substantive grounds.

As outlined below, Basdeo failed to comply with two significant procedural requirements of the applicable Local Rule 7.3: requiring a motion for attorneys fees to be verified and requiring the motion to disclose the terms of the applicable fee agreement.

Substantively, Basdeo's motion must be denied because it seeks to create a new statutory category to the Florida statute which authorizes attorneys fees

against an insurer only in a "discrete set of circumstances." Basdeo concedes that she has no case authority to support her novel argument. This Court cannot create statutory liability where the statute itself provides for none. If Basdeo's position has merit, then it is up to the Florida Legislature, not this Court, to provide the relief of expanding the categories of persons and entities authorized to collect fees under the statute.

## I.     BACKGROUND

Plaintiff, Mid-Continent Casualty Company, filed a declaratory judgment action against Defendants, Guitree Basdeo, Southgate Gardens Condominium Association, Inc., and First State Development Corporation. Before this federal lawsuit, Basdeo and Southgate sued First State in state court, alleging First State performed inadequate work on Hurricane Wilma repairs. First State did not respond to those lawsuits and the state court entered default judgments against it.

Plaintiff then sought a declaratory judgment from this Court regarding its duty to defend or indemnify First State for the state court judgments or, alternatively, limiting coverage under the insurance policy at issue. (DE# 251.)[1] All parties moved for summary judgment, and on September 27, 2010, the District Court denied Plaintiff summary judgment and granted Defendants partial summary judgment. (DE# 258.) Basdeo then filed a motion for attorneys fees. (DE# 349.)

---

[1] A fuller description of the facts of this case can be found in Magistrate Judge Robin S. Rosenbaum's extremely well-written and thorough report and recommendations on the parties' cross-motions for summary judgment. (DE# 251.)

2

## II.   LEGAL STANDARDS

### a. The Local Rules

Southern District of Florida Local Rule 7.3 imposes the following requirements on motions for attorneys fees and costs:

> (a) Motions for Attorneys Fees and/or Costs. A motion for an award of attorneys fees and/or costs arising from the entry of a final judgment or order shall:
>
> (1) not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed;
>
> (2) be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings;
>
> (3) identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award;
>
> (4) state the amount sought;
>
> (5) disclose the terms of any applicable fee agreement;
>
> (6) provide: (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (B) the number of hours reasonably expended by each such timekeeper; (C) a description of the tasks done during those hours; and (D) the hourly rate(s) claimed for each timekeeper;
>
> (7) describe and document with invoices all incurred and claimed fees and nontaxable expenses;
>
> (8) be verified;

Local rules "'have the force and effect of law, and are binding upon the parties and the court which promulgated them . . .'" *Peasley v. Armstrong World*

*Indus., Inc.*, 128 F.R.D. 681, 682 (S.D. Fla. 1989) (quoting *Woods Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir. 1964)). *Accord Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 (11th Cir. 1986) ("local rules are valid and binding on the parties"). Failure to comply with a district court's local rules is grounds for denial of a motion for attorneys fees. *See Watkins v. McMillan*, 779 F.2d 1465, 1465 (11th Cir. 1986) (denying motion for fees made after the time specified in the applicable Middle District of Alabama local rule).

### b. Florida Statutes Section 627.428

This statute provides that:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Section 627.428 "must be strictly construed because an award of attorneys' fees is in derogation of common law." *Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003). *Accord Underwood Anderson & Assocs., Inc. v. Lillo's Italian Rest., Inc.*, 36 So. 3d 885, 887 (Fla. 1st DCA 2010). Although the statute authorizes an award of attorney's fees, it does so "only in a discrete set of circumstances." *Continental Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 374 (Fla. 2008).

"A 'named insured' is one who is 'designated as an insured' under the liability policy." *Id.* (citing *Romero v. Progressive S.E. Ins. Co.*, 629 So. 2d 286,

288 (Fla. 3d DCA 1993)). "An 'omnibus insured' is one who is covered by a provision in the policy but not specifically named or designated." *Ryan*, 974 So. 2d at 374 (citing *Industrial Fire & Cas. Ins. Co. v. Prygrocki*, 422 So. 2d 314, 315 (Fla. 1982)). "A 'named beneficiary' is one who is specifically designated as such in the policy." *Ryan*, 974 So. 2d at 374 (citing *Roberts v. Carter*, 350 So. 2d 78, 79 (Fla. 1977)).

In addition to these three groups, express assignees of an insured's contractual insurance rights may also receive an award of attorneys fees under section 627.428. *Ryan*, 974 So. 2d at 377. This is because "'an assignee of an insurance claim stands to all intents and purposes in the shoes of the insured and logically should be entitled to an attorney's fee when he sues and recovers on the claim.'" *Allstate Ins. Co. v. Regar*, 942 So. 2d 969, 972 (Fla. 2d DCA 2006) (quoting *All Ways Reliable Bldg. Maint., Inc. v. Moore*, 261 So. 2d 131, 132 (Fla. 1972)). But except perhaps in extremely narrow circumstances, involving a party claiming entitlement to insurance proceeds as a result of its detrimental reliance on representations made by an insurance company, only assignees with express assignments from the insured may claim the benefit of section 627.428.[2] *Ryan*, 974 So. 2d at 378.

---

[2] I use the term "perhaps" in this situation because an implied assignee might theoretically be entitled to attorneys fees. In *Ryan,* however*,* the Florida Supreme Court held that the *Always Reliable* decision, which recognized this exception for implied assignees, was "limit[ed] to its unique facts." 974 So. 2d at 378.

### III. ANALYSIS

Basdeo's motion should be denied for several reasons.

### a. Basdeo's motion does not comply with Rule 7.3.

Basdeo's motion is unverified and does not disclose the terms of any applicable fee agreement. S.D. Fla. L. R. 7.3(a)(5) & (8); (DE# 351 n. 1.) Plaintiff specifically pointed out these local rule violations to Basdeo in its response. (DE# 351 n.1.)[3] Despite the clear notice of her local rule violations, Basdeo made no attempt to remedy them or provide any explanation for them in her nine-page reply. To the contrary, Basdeo completely ignored the existence of these local rule violations.

---

[3] In that same footnote, Plaintiff also claims that Basdeo's motion is premature because there is no final judgment. But Local Rule 7.3 does not require a final judgment. The rule allows for attorneys fees motions to be made "within sixty (60) days of the entry of the final judgment *or order* giving rise to the claim, regardless of the prospect or pendency of supplemental review." (emphasis added). In this instance, the order Basdeo claims gives rise to entitlement of attorneys fees is the District Court's order granting her partial summary judgment. (DE# 349, p. 2, ¶ 6.) The comments to this local rule make clear that the modifier "final" applies to both "judgment" and "order" when they note that the motion may only be made where the order giving rise to entitlement is "appealable."

The District Court's summary judgment order was only partial in that it did not dispose of all issues in the case. It was therefore not a final, appealable order. *Stillman v. Travelers Ins. Co.*, 88 F.3d 911, 914 (11th Cir. 1996). However, the same local rule comment also states that "A motion for fees and costs may be made before such a judgment or order has been entered where appropriate . . ." Judge Graham already indicated in his order closing the case that "a Final Judgment on Counts one through Four of the Amended Complaint will be entered by separate Order. The Court also maintains jurisdiction on the determination of attorney's fees and costs if deemed appropriate." This is therefore arguably an instance where it is "appropriate" to move for attorneys fees before entry of a final judgment or order, as the entry of final judgment was no longer merely speculative. Because Basdeo is not entitled to fees under the applicable substantive Florida statute and violated other provisions of the Local Rule, I need not specifically recommend whether Basdeo's motion is premature.

These multiple violations (and the failure to remedy them when Plaintiff brought them to Movant's attention), generate sufficient justification to deny the motion.  *See Smith v. HM Wallace, Inc.*, No. 08-22372-CIV, 2009 WL 3179539, at *2 (noting that multiple violations of Rule 7.3 "alone justify denial of the motion [for attorneys fees]").  *See also Watkins*, 779 F.2d at 1465 (affirming district court's denial of attorneys fees based on failure to comply with Middle District of Alabama local rule governing motions for attorneys fees). *Cf. Royal Bahamian v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1298 (S.D. Fla. 2010) (discussing the importance of compliance with the Local Rules).

### b. Basdeo Is Not Entitled To Attorney Fees Under Florida Statute Section 627.428

Plaintiff argues that Basdeo is not entitled to an award of attorneys fees because she does not fall into any of the categories of parties previously held to be eligible under section 627.428 by the Florida Supreme Court. (DE# 351, p. 3.) Basdeo also effectively concedes that she does not fall into any category of parties previously recognized as eligible to receive attorneys fees under section 627.428. (DE# 353, ¶ 19.)

In her reply, Basdeo acknowledges that none of the case law she cites in her motion directly supports her claimed entitlement to attorneys fees. (*Id.* at ¶ 20.) She argues "that this is a case of first impression as there is no case law for the Court to rely on to determine whether Defendant Basdeo's argument is with merit." (*Id.* at ¶ 19.)  Basdeo goes on in her reply to agree that "Generally,

7

Plaintiff is correct that an [unnamed] third party beneficiary cannot recover attorney's fees under 627.428." (*Id.* at ¶ 12.)

But, according to Basdeo, she "was not [only] a third party beneficiary, instead, she was put into the shoes of First State Development Corporation (the insured) when Mid Continent sued Basdeo to determine Mid-Continent's duties under its contract with First State Development and not to determine liability and damages between First State Development and Basdeo." (*Id.* at ¶ 12.)

It is on this basis – her purportedly being forced by Mid-Continent to step "into the shoes of First State as an assignee to the Declaration Action" – that she believes she is entitled to attorneys fees. (*Id.* at ¶ 17.) Basdeo claims that to do otherwise "would encourage (instead of discourage) insurance companies to sue the third party beneficiaries in a hope that they don't have the resources to defend themselves against the economic power of the insurance companies which may result in injustice to the third party beneficiaries." (DE# 349, ¶ 29.) Basdeo explicitly disavows any claim that the Court should consider her a designated beneficiary or an omnibus insured. (*Id.*)

No party has cited to any authority directly on point and it does not appear that the Florida Supreme Court has directly decided whether a party in Basdeo's situation (i.e., an unnamed, third-party beneficiary sued by the insurer in a separate declaratory judgment action) is entitled to attorneys fees under section 627.428. Indeed, Basdeo argues no such authority exists. However, Plaintiff cites a case where the Florida Third District Court of Appeal, while not explicitly

8

considering Basdeo's precise legal argument, rejected a claim for attorneys fees on strikingly similar facts.

Specifically, *The Aries Insurance Company v. Espino*, 736 So. 2d 792 (Fla. 3d DCA 1999) (*per curiam*), involved a claim by Espino, a pedestrian, who was struck by a car driven by an employee of Landscape Services, the insured. Espino sued Landscape for injuries he sustained in the automobile accident. *Id.* at 793. The Aries Insurance Company then filed a declaratory judgment action against both Espino and Landscape, arguing that there was no coverage for Espino's injuries due to exclusions in its insurance contract with Landscape. *Id.* The trial court held that the exclusions were inapplicable and that Aries had to indemnify and defend Landscape against Espino's claims in the personal injury lawsuit. *Id.* Aries thereafter tendered the policy limits to Espino and Espino stipulated to the dismissal of its lawsuit against Landscape. *Id.*

Espino then moved for attorneys fees in the declaratory judgment action. *Id.* The trial court determined that Espino did not qualify as an insured, omnibus insured, or named beneficiary under the insurance policy. *Id.* The trial court nonetheless created a fourth category, which it called a "necessary party," and on that basis awarded Espino fees under section 627.428, Florida Statutes. The Third District reversed, explaining:

> The trial judge's efforts to create a fourth category, by calling Espino a "necessary party" and awarding him his attorney's fees on that basis was clearly outside the recognized role of the judiciary. A trial judge should not engage in law making, leaving modification, subtraction or addition of statutorily defined classes to the Legislature.

*Id.* at 793-94.

The Third District's opinion in *Aries* clearly rejects the contention that an unnamed third-party beneficiary of an insurance contract is entitled to attorneys fees for successfully defending a declaratory judgment action brought by an insurance company to determine the insurance company's coverage obligations for injuries complained of in a separate lawsuit brought by that third-party beneficiary against the insured. Basdeo's claim for attorneys fees in this case should likewise be denied. *See Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009) ("'federal courts are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise'") (quoting *King v. Order of United Commercial Travelers of Am.*, 333 U.S. 153, 491 (1948)); (*supra* p. 7, discussing the lack of a Florida Supreme Court opinion directly on point.)

Even if the District Court determines that *Aries* does not control this case, perhaps because Basdeo's legal theory is slightly different from that rejected by the *Aries* court, her claim should still be denied. In *Aries*, the Third District echoed the holdings of both the other Florida district courts of appeal and the Florida Supreme Court when it emphasized the prohibition against judicial modification of section 627.428 on supposed public policy grounds. *E.g.*, *Ryan*, 974 So. 2d 368; *Lillo's Italian Rest., Inc.*, 36 So. 3d 885.

In particular, the *Ryan* case is instructive because it also involved a declaratory judgment action. 974 So. 2d 368. *Ryan* involved a golf course construction contractor who was sued when its subcontractor installed contaminated grass. *Id.* at 372. The contractor's insurer refused to defend or

10

indemnify it. *Id.* The contractor's surety stepped in to defend it from the lawsuit and subsequent mediation and paid the resulting judgment. *Id.* The contractor and the surety subsequently filed a declaratory judgment action against the insurer. *Id.* After a successful appeal to the Second District Court of Appeal on the coverage issue, the contractor and surety received a declaratory judgment that the insurer had been obligated to cover the contractor in the underlying lawsuit over the contaminated grass. *Id.* at 373. The Second District also concluded as part of that appeal that the surety was entitled to attorneys fees under section 627.428 – but the Florida Supreme Court reversed.

As described by the Florida Supreme Court, the reasoning provided by the Second District for allowing attorneys fees was similar to that now urged by Basdeo:

> Because of its payment, the Second District reasoned that the surety **"stands in the shoes** of the Contractor as a first party claimant under the CGL policies" and is equally entitled to an award of fees under section 627.428.
>
> . . .
>
> The Second District further elaborated on public policy considerations. Specifically, the court explained that because the GIA between Ryan and Hartford required Ryan to reimburse Hartford for any fees associated with the enforcement of the bond, a denial of fees to Hartford would make Ryan liable for those fees with no possibility of reimbursement from the insurers. *See id.* Because this result would contradict the purpose of section 627.428-to discourage the contesting of valid claims by insurance companies- and would "exalt[ ] form over substance," as the principal could have carried the ball in the litigation and been entitled to the same fees, the court conditionally granted Hartford's motion.

*Id*. (emphasis added).

On appeal to the Florida Supreme Court, the surety characterized its argument as being that "it is entitled to an award of fees by **standing in the shoes** of Ryan [the contractor], the 'named insured' under the CGL policies, as both an assignee and equitable subrogee." *Id.* at 374  (emphasis added).

The Florida Supreme Court rejected both of these arguments.  First, the Florida Supreme Court decided that subrogee status was not effectively the same as receiving an actual assignment.  That court noted that "[a]lthough the surety may stand in the shoes of the principal, the principal does not lose its status as an insured under the policy." *Id.* at 377.  Because in this scenario the contractor retains its right to sue and to receive to receive attorneys fees if successful, the surety did not acquire the contractor's "status as one of the designated entities entitled to attorney's fees under the statute." *Id.*  The Florida Supreme Court held this interpretation was necessary to prevent an insurer from being subject to two claims for attorneys fees.  *Id.*

Second, the Florida Supreme Court determined that no implied assignment existed.  Previously, that Court recognized an implied assignment of entitlement to fees.  *See All Ways Reliable Bldg. Maint., Inc. v. Moore*, 261 So. 2d 131 (Fla. 1972).  But in *Ryan,* the Florida Supreme Court determined that the *All Ways* exception was limited to the specific facts of that case and rejected the existence of implied assignment as "an equitable basis for recovering attorney's fees under section 627.428."  974 So. 2d at 378.

The *Ryan* court lastly rejected the notion that inequity may result from a contrary decision, thereby requiring expansion of the textually identifiable categories of persons entitled to attorneys fees under section 627.428:

> Even assuming that Hartford is correct, it is outside this Court's purview to correct a potential inequity by interpreting a statute contrary to its plain language . . . if there is an injustice that requires the expansion of the statutory class of entities entitled to recover attorney's fees under section 627.428, that argument is one best addressed by the Legislature.

*Id.* at 379.

It is therefore clear that even if *Aries* does not control (which I believe it does), Basdeo's claim to attorneys fees – whether grounded in implied assignment, the vague notion of "stepping into an insured's shoes," or any other purported equitable theory – must be denied.

Based on both procedural and substantive grounds, I therefore respectfully recommend that the District Court deny her motion.

## IV.   CONCLUSIONS

Basdeo violated the local rule regulating motions for attorneys fees. Basdeo is also not in any of the three categories of parties entitled to attorneys fees under section 627.428, Florida Statutes. She is therefore not entitled to attorneys fees and I respectfully recommend that the District Court deny her motion (DE# 349).

## V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may

file a response to the other party's objection within seven (7) days of receiving the other party's objections. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied,* 488 U.S. 958).

**RESPECTFULLY RECOMMEND**, in Chambers, in Miami, Florida, this 26th day of April, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham
United States District Judge

All counsel of record